## CHICAGO CITY RAILWAY COMPANY
### v.
### JOSEPH DELCOURT.

*Personal Injuries—Street Cars—Negligence—Verdict against Evidence.*

1. It is negligence to attempt to board a street car while in rapid motion.

2. In an action against a street railway company to recover damages for injuries received by the plaintiff while attempting to board a street car, this court reverses a judgment for the plaintiff as contrary to the weight of evidence.

[Opinion filed September 11, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Mr. C. M. HARDY, for appellant.

Mr. M. W. ROBINSON, for appellee.

GARNETT, P.J. On August 17, 1886, the appellee was injured in consequence of being thrown to the ground by a cable car of appellant near the corner of 29th and State streets in Chicago. He brought this action against the company, charging in his declaration that he was injured by the negligence of the defendant's servants. The jury found a verdict for the plaintiff, motion for a new trial was overruled, and judgment entered on the verdict. Appellant asked for a reversal on the ground that the verdict was manifestly against the evidence. At the time of the occurrence, the train of cars which caused the injury, was moving north on State street. A stop was made at the north crossing of 29th street to receive passengers waiting there. The plaintiff claims that he was among the number waiting to take passage at that point, and that while the car was at a stand there he made an effort to board the train, taking hold of the hand rail with his right hand and placing his right foot on the step or foot board, but that

before he could raise his left foot the train started with a jerk, and after dragging him some twelve or fifteen feet, threw him violently to the ground, by means of which the injury sued for was produced. He testified that he fell because the train started too quick; that it went with a full start. The only other witness for plaintiff who pretends to have seen him fall, was George Mead, a boy about sixteen years of age, who testified that the train started at full speed without a signal. Both of these witnesses testified that the train was composed of a grip car and two open summer cars. Mead was a newsboy, and was on the train for the purpose of selling, and was trying to sell his papers. He was not acquainted with Delcourt, and the subject was never mentioned to or by him until about a year afterward, when the plaintiff's son saw him selling newspapers and asked him whether he saw the accident. The slight attention given to the matter by Mead and the lapse of time would seem to have been sufficient to prevent his recollection of anything more than the main facts of the occurrence, yet he professes to remember the place in the b'ock where he himself boarded the train, just what part of the middle car he first touched, the number of cars in the train, that the rear seat of the last car was unoccupied, and that the seat immediately in front of it was occupied by passengers; that he did not succeed in selling any papers on that train, that the plaintiff had a hatchet and his dinner-pail under his left arm and put his right hand and foot on the car in trying to get on; that the windows at the front and rear ends of the car were up, and other details too numerous to recite. Much of his recollection, we think, may be accounted for by the fact (admitted by him) that he had heard the plaintiff's testimony and the opening of the case by defendant's counsel. It does not appear probable that he could, under the circumstances, have remembered the various trivial points given in his evidence. To meet the case made by these two witnesses, the defendant called the conductor and grip driver and four passengers. The two employes and two of the passengers testified that the train was composed of the grip car and one summer car only, and several of defendant's witnesses said that they did not see plaintiff among the persons waiting

at 29th street when the car stopped or started. The driver of the grip did not see Delcourt until after he fell, but all the other five witnesses for defendant state, that after the train started and was under full speed, he ran alongside the train and tried to get on the grip, and in making the effort was thrown to the ground. Some of these witnesses say that the plaintiff came on a run from the sidewalk, in a southwesterly direction, in order to catch the train, which had already started north before he made any move toward it. Four of the defendant's witnesses who are wholly disinterested, were seated in the car next to or near the grip, so as to see clearly all that took place, and there is nothing in their evidence to indicate bias or insincerity. Appellee argues that his identification by the defendant's witnesses is not satisfactory, and the accident to which they testify must have been at some other time and to some other person. It is true that some of the witnesses would not swear positively that Delcourt was the man they saw fall, but the time and place given, with other details, leave no reasonable doubt on the point. This is not the ordinary case of proving the defendant not guilty by the employes of the company only, against whose evidence it is commonly urged that their employment and daily bread depend upon the will of an autocratic employer. Juries are in the habit of taking a wide range of liberty in scanning and disbelieving the evidence of such witnesses, but here are four men who have no motive to tell other than the truth, who had ample opportunity of observation, and whose evidence bears internal evidence of fairness and honesty. Such evidence the jury should not lightly put aside, and we think would not, unless misled by passion or prejudice. Trying to board the train when in rapid motion was negligence on the part of the plaintiff, and on the entire evidence no negligence is attributed to appellant. It is with great reluctance that this court interferes with the findings of fact by a jury, but as the case has only been tried once, and the verdict appears clearly against the weight of the evidence, we think justice requires it should be submitted to another jury. The judgment is reversed and the cause remanded.

*Reversed and remanded.*